# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE YVONNE DOWNS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br>　　　　　Defendant. | Case No. 1:13-CV-01645-AWI-SMS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT.<br><br><br><br>(DOC. 1) |

On October 11, 2013, Plaintiff Suzanne Yvonne Downs filed the above-entitled action ("the Complaint") and a motion to proceed *in forma pauperis*. On October 16, 2013, the Magistrate Judge rendered an order denying Plaintiff's motion. Subsequently, Plaintiff failed to pay the filing fee as ordered or take any other action in this case. On July 18, 2014, the Magistrate Judge issued an Order to Show Cause ("OSC") directing Plaintiff to pay the Clerk of Court the $350.00 filing fee within fifteen (15) days of the Court's order. Further, the Magistrate Judge explicitly gave Plaintiff notice that failure to do so would result in the dismissal of the action without further notice pursuant to Local Rule 110 and Federal Rules of Civil Procedure Rule 11. To date, Plaintiff has failed to respond to the OSC and has failed to show good cause therefor.

## I.  DISCUSSION

It is well-established that a district court has authority to dismiss a plaintiff's action because of her failure to prosecute or to comply with court orders. *See* FED.R.CIV.P. 41(b); *Link v. Wabash R.R.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Ghazali v. Moran,* 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992), *cert. denied,* 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King,* 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal without prejudice for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service,* 833 F.2d 128, 130–31 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules); *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986) (holding that district courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal."). In keeping with that principle, Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Eisen,* 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik,* 963 F.2d at 1260-61 (failure to comply with court orders).

This Court finds that the first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal because plaintiff has not paid the filing fee nor filed a response to the OSC, and has not otherwise communicated with the Court regarding this matter.  The Court cannot indefinitely await a plaintiff's response to the Court's directives.  The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, as the Magistrate Judge has already cautioned plaintiff of the consequences of failing to prosecute this action and afforded her the opportunity to do so, and as plaintiff has not responded, no sanction lesser than dismissal is viable.  There is no reason to expect Plaintiff will "respond more satisfactorily to [an additional] round" of opportunities to comply with the Court's orders than he has previously. *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 948 (9th Cir. 1993).

## II. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that dismissal is warranted.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint, filed October 11, 2013 (Doc. 1), is **DISMISSED** pursuant to Local Rule 110, for Plaintiff's failure to respond to or otherwise comply with the Magistrate Judge's July 18, 2014 Order to Show Cause.

IT IS SO ORDERED.

Dated:   September 2, 2014                              _____
                                                          SENIOR DISTRICT JUDGE